1
2
3
4
5
6                     IN THE UNITED STATES DISTRICT COURT
7                       FOR THE DISTRICT OF ARIZONA
8
9    United States of America,           )   CR-06-0513-PHX-ROS (LOA)
                                          )
10                        Plaintiff,      )   **REPORT AND RECOMMENDATION**
                                          )
11   vs.                                  )
                                          )
12                                        )
     Melvin Coleman Pedro,                )
13                                        )
                          Defendant.      )
14                                        )
     _____       )
15                                        )
                                          )
16   Gila River Indian Community          )
                                          )
17                        Garnishee.      )
     _____       )
18
19          On February 25, 2011, the Government filed an Application for Writ of
     Garnishment directed to the Gila River Indian Community, seeking continuing garnishment
20
     of funds belonging to Defendant Melvin Coleman Pedro ("Defendant" or"Pedro"), a
21
     judgment debtor.[1] (Docs. 53, 53-1). This case was referred to the undersigned Magistrate
22
     Judge on April 20, 2011 for all post-judgment garnishment proceedings by the Honorable
23
     Roslyn O. Silver, Chief United States District Judge. (Doc. 61)
24
25   _____
26          [1] The Government may properly seek a civil garnishment order under a defendant's
     criminal docket number to enforce a prior judgment of restitution under the Mandatory
27   Victim Restitution Act without filing a separate civil action. *United States v. Mays*, 430 F.3d
     963, 965 (9th Cir. 2005) (citing with approval *United States v. Scarboro*, 352 F.Supp.2d 714,
28   717 (E.D.Va. 2005)).

**I. Background**

        The docket reflects that on May 21, 2007, a criminal judgment was entered against Pedro in the U.S. District Court, District of Arizona, finding him guilty of second degree murder and kidnaping and committing him to "the Bureau of Prisons for a term of **FOUR HUNDRED EIGHTY (480) MONTHS** on Counts One and Two, said counts to run concurrently to each other, and consecutively to the sentence imposed in CR-01-285-2-PHX-ROS, with credit for time served." (Doc. 51 at 1) (emphasis in original). As part of the criminal judgment, Pedro was ordered to pay mandatory assessments ($200.00) and restitution ($11,736.00) in the total amount of $11,936.00, due immediately or in regular monthly payments. Chief Judge Silver also imposed a payment schedule requiring that payments be made under the Bureau of Prisons' Inmate Financial Responsibility Program with the balance of restitution be paid in equal monthly installments of $250.00 over a period of 58 months to commence 60 days after the release from imprisonment to a term of supervised release. (*Id*. at 2) Chief Judge Silver further ordered that if incarcerated (which Pedro is), payment of criminal monetary penalties would be due during imprisonment at a rate of not less than $25.00 per quarter. (*Id*.) According to the Government, the current balance due on the judgment is $10,030.99 as of April 6, 2011. (Doc. 60 at 2)  Of that amount, the Government indicates that $9,930.00 is to be paid towards restitution. (*Id*.) Pedro's liability for restitution is joint and several with his co-Defendant, Loren James. (*Id*.)

        Three days after the Government filed its Application, the Clerk of the Court issued its garnishment writ, and sent Pedro notice of its issuance along with instructions for filing objections, requesting a hearing, and requesting a transfer to the district of his residence. (Doc. 55)   On March 31, 2011, the Garnishee, Gila River Indian Community ("Gila River"), filed an answer in which it indicated that it held property in which Pedro had an interest in the form of "Quarterly Per Capita Payments from the Gila River Indian Community Revenue Allocation Ordinance GR-07-09." (Doc. 58 at 1) (emphasis omitted). Gila River described the value of the property as "[a] small percentage of net gaming revenues as required under the Indian Gaming Regulatory Act, 25 U.S.[C. §] 2701. The

1  exact value of each payment is unknown until shortly before the payment dates." (*Id*.) Gila

2  River "anticipates being indebted to [Pedro] as follows: January 31, April 30, July 31, and

3  October 31 of every year [Pedro] opts into the Per Capita payment program[]" and "will

4  withhold per capita payments for [Pedro] beginning with the next payment period (denoted

5  in Paragraph 5) and transmit the same as ordered by the Court until such time as Garnishee

6  is notified that the obligation has been satisfied." (*Id*. at 2)

7           If a garnishment hearing were held in this case, the issues to be considered at

8  such a hearing are quite limited. Section 3202(d) provides, in relevant part:

9           [T]he issues at such hearing shall be limited--

10          (1) to the probable validity of any claim of exemption by the judgment debtor;

11          (2) to compliance with any statutory requirement for the issuance of the
            post-judgment remedy granted; and

12
13          (3) if the judgment is by default and only to the extent that the Constitution or
            another law of the United States provides a right to a hearing on the issue, to-

14                   (A) the probable validity of the claim for the debt which is merged in
                     the judgment; and

15
16                   (B) the existence of good cause for setting aside such judgment.

17          This subparagraph shall not be construed to afford the judgment debtor
            the right to more than one such hearing except to the extent that the
            Constitution or another law of the United States provides a right to
18          more than one such hearing.

19
20  28 U.S.C. § 3202(d).

21          In this case, since Pedro's debt (restitution) has been reduced to judgment, the

22  scope of any hearing is limited to the validity of any claim of exemption and the

23  Government's compliance with the statutory requirements for the garnishment process. *Id*.

24  at (1) & (2); *United States v. Kieffer*, 2010 WL 2231806, * 3 (D.N.D., April 28, 2010), report

25  and recommendation adopted by, *United States v. Kieffer*, 2010 WL 2231804 (D.N.D., May

26  28, 2010); *United States v. Tanya Marie Smith*, 88 Fed.Appx. 981, 2004 WL 414822 (8th

27  Cir. 2004) (noting that issues at a garnishment hearing are "limited to determining validity

28  of any claim of exemption, government's compliance with statutory requirements and

1   validity of default judgment.").

2          On March 25, 2011,  Pedro filed a *pro se* letter,"request[ing] a hearing on this

3   matter [garnishment] and I'm asking for an extension for the court hearing . . . due, (sic) to

4   the  fact  I'm  seeking  'legal  help'  out  here  in  Pennsylvania  [where]  I'm  currently

5   incarcerated."  (Doc. 57 at 1) The Government opposed Defendant's request for a hearing

6   but indicated that "[i]n the event that the Court grants Defendant's Request for Hearing, the

7   United States does not object to Defendant's request for an extension of time for the

8   hearing." (Doc. 60 at 1, 4)

9          The undersigned construed Pedro's letter as a motion with dual requests: (1)

10  for the District Court to set a garnishment hearing pursuant to 28 U.S.C. § 3202(d), which

11  had not yet been set, and (2) that the hearing be set on a date that will allow Defendant a fair

12  and reasonable opportunity to retain counsel or obtain legal assistance. (Doc. 62)  In a

13  footnote, the Court informed Pedro that "[a]lthough this garnishment action arises out of a

14  criminal  judgment,  garnishment  proceedings  are  civil  in  nature[,]"  and  "that  there  is

15  generally no constitutional right to counsel in civil cases." (*Id*. at 2, n. 1) (citations and

16  internal quotation marks omitted). On April 20, 2011, the Court granted Pedro's motion in

17  part and denied it in part without prejudice, allowing Pedro until Monday, May 9, 2011 to

18  retain counsel, or *in propria persona*, to request a garnishment hearing pursuant to 28 U.S.

19  § 3202(d). (*Id*. at 4) The Court made clear in its order that Pedro's next request for a hearing

20          *shall set forth the basis or grounds for the requested hearing that is consistent*
21          *with this order, the Constitution and laws of the United States.  Failure to*
            timely file a request for garnishment hearing or *to set forth the basis or*
22          *grounds for the requested hearing may result in an order granting the*
            *Government's Application for Writ of Garnishment* directed to the Garnishee,
23          Gila  River  Indian  Community.  Upon  review  of  Pedro's  request  for  a
            garnishment hearing and the Government's reply, if any, the Court will
24          determine at that time whether a hearing will be set and the specifics for such
            a hearing, if set.

25  (*Id*.) (emphasis added).
26
27          On April 29, 2011, Pedro filed another request for hearing that failed to set

28  forth any reason why a hearing was requested and thereby violated the Court's April 20,

2011 order. (Doc. 63)  He simply stated: "Sending this letter to inform the courts that 'I do' wish to file a request for a 'garnishment hearing' pursuant to 28 U.S.C. § 3202." (*Id.* at 1) In this case, Pedro has not claimed an exemption, the judgment against him was not issued by default, and he has raised no valid objection to the writ of garnishment. The Court will not set a needless hearing unless there is a lawful basis to do so. *United States v. Smith*, 88 Fed. Appx. 981 (8th Cir. 2004) (no hearing was required when the defendant does not dispute the amount owed or claim a statutory exemption.) "Issues at [an] FDCPA hearing [are] limited to determining validity of any claim of exemption, government's compliance with statutory requirements, and validity of default judgments." *Id.* (citing 28 U.S.C. § 3202(d));*United States v. Bullock,* 2011 WL 486233 (W.D.N.C., Feb. 7, 2011) (Defendant was convicted by a jury of crimes related to mortgage fraud and ordered to pay restitution "is not, therefore, entitled to either a hearing on the request for Writ, or for a limitation on the Writ.").

Pedro also incorrectly indicates that attorney Tyrone Mitchell is representing him in this case. While Mr. Mitchell was appointed to represent Pedro in this criminal case, Mr. Mitchell's representation ended on May 24, 2007 immediately after Pedro was sentenced.  Mr. Mitchell has not, and will not, be appointed to represent Pedro in this civil garnishment action. *United States v. Davis*, 400 Fed. Appx. 538 (11th Cir. 2010);  *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996); 28 U.S.C. § 3001 (the FDCPA "provides the exclusive *civil* procedures for the United States to . . . recover a judgment on a debt.") (emphasis added). Because Pedro's right to a direct appeal has expired long ago, his corresponding Sixth Amendment right to counsel has been extinguished. *Id.* at 1 (citing *Barbour v. Haley*, 471 F.3d 1222, 1227 (11th Cir. 2006)). There is no provision in the Criminal Justice Act which authorizes the appointment of an attorney to represent Pedro in a post-judgment civil garnishment hearing arising out of a restitution order. 18 U.S.C. § 3006A(a)(1).

**II. Garnishment**

Under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663(a),

1   the Government may collect on a restitution judgment using the procedures available for the

2   collection of criminal fines outlined in 18 U.S.C. § 3613(a), see 18 U.S.C. §§ 3613(f),

3   3664(m), and "may enforce a judgment imposing a fine in accordance with the practices and

4   procedures for the enforcement of a civil judgment under Federal law or State law[.]"

5   *United States v. Berger*, 574 F.3d 1202, 1204 (9th Cir. 2009) (quoting 18 U.S.C. § 3613(a)).

6   "The Federal Debt Collection Procedures Act of 1990 ('FDCPA') is such a statute." *United*

7   *States v. Gianelli*, 543 F.3d 1178, (9th Cir. 2008), *cert. denied*, 129 S.Ct. 1396 (2009). The

8   FDCPA, 28 U.S.C. §§ 3001-3308, "provides the exclusive civil procedures for the United

9   States to . . . recover a judgment on a debt." 28 U.S.C. § 3001. *Id.*; *United States v. Mays*

10  430 F.3d 963, 965 (9th Cir. 2005).  "Debt" includes "an amount that is owing to the United

11  States on account of . . . restitution . . . ." 28 U.S.C. § 3002(3)(B); *United States v. Mays*, 430

12  F.3d 963, 965 (9th Cir. 2005) (concluding that the FDCPA's civil enforcement remedies may

13  be used to enforce orders of restitution entered under the MVRA). The FDCPA further

14  provides that it "shall preempt State law to the extent such law is inconsistent." 28 U.S.C.

15  § 3003(d).

16          Under the FDCPA, the United States is required to provide the judgment

17  debtor, here Pedro, with notice of the commencement of a post-judgment garnishment

18  proceeding as provided for by 28 U.S.C. § 3202(b). The judgment debtor then has twenty

19  days following receipt of the notice to request a hearing. *Id*. Pedro has not requested a

20  hearing in which he asserts one or more of the limited issues permitted for a hearing to set

21  be set under 28 U.S.C. § 3202(d).

22  **III. Discussion**

23          The Court finds that the Government has complied with the FDCPA regarding

24  this application for writ of garnishment. Pedro received actual notice of the writ of

25  garnishment and the Government's Application for Writ of Garnishment directed to the Gila

26  River Indian Community, seeking continuing garnishment of funds belonging to Pedro, a

27  judgment debtor. (Docs. 53, 53-1) Moreover, the Court finds that Pedro received notices and

28  prior court orders that were reasonably calculated under the circumstances to apprise Pedro

of the pendency of this garnishment action and the limited issues for a hearing to be scheduled. *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1 (1978); *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950). Pedro has not filed an objection to the application or writ of garnishment and has not requested a hearing asserting one or more of the limited issues permitted for a hearing to set be set under 28 U.S.C. § 3202(d). The undersigned Magistrate Judge recommends that the Government's Application for Writ of Garnishment directed to the Gila River Indian Community be granted and that a continuing garnishment judgment or order be signed and entered herein by the assigned Chief District Judge, granting continuing garnishment of Pedro's interest in the quarterly per capita payments from the Gila River Indian Community pursuant to Gila River's Revenue Allocation Ordinance GR-07-09.

In accordance with the foregoing,

**IT IS RECOMMENDED** that the Government's Application for Writ of Garnishment directed to the Gila River Indian Community, seeking continuing garnishment of Pedro's interest in the quarterly per capita payments from the Gila River Indian Community Revenue Allocation Ordinance GR-07-09, doc. 53, be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that the Honorable Roslyn O. Silver, Chief United States District Judge, issue a disposition order pursuant to 28 U.S.C. § 3205(c)(7) directing the Gila River Indian Community to turn over to the Clerk of this Court the funds identified in the Garnishee's answer. The Government shall lodge a proposed garnishment order or judgment, consistent with this Report and Recommendation, within ten days hereof.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have **(14) fourteen days** from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6, Federal Rules of Civil Procedure. Thereafter, the parties

have **(14) fourteen days** within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

**IT IS ORDERED** that the Clerk of Court is kindly directed to mail a copy of this Report and Recommendation to Melvin Coleman Pedro, # 46030-008,  Lewisburg, PA, Lewisburg-USP, R.D. # 5, U.S. Penitentiary, P.O. Box 1000, Lewisburg, PA, 17837.

Dated this 16th day of May, 2011.

Lawrence O. Anderson
United States Magistrate Judge